UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER PEREZ,

    Plaintiff,                                            Case No. 21-cv-11827
                                                     Hon. Matthew F. Leitman

v.

FRED L. BORCHARD, *et al.*,

    Defendants.

_____/

## **ORDER SUMMARILY DISMISSING CASE**

**I**

Plaintiff, Peter Perez, is a Michigan inmate presently incarcerated at the Handlon Correctional Facility. Perez filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. The Court granted Perez's application to proceed *in forma pauperis*, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1).

Perez is serving eight concurrent prison terms of 25-52 years for his 2007 Saginaw Circuit Court jury trial conviction of eight counts of third-degree criminal sexual conduct. Perez names five Defendants in his complaint: (1) Fred L. Borchard, Saginaw Circuit Court Judge, (2) Kathleen A. Miller, Assistant Saginaw County Prosecutor, (3) the Saginaw County Circuit Court, (4) Robert Harkin, Tittabawassee Township Police Detective, and (5) Julie Nagel, Tittabawassee Township Police

1

Detective. Perez claims that he was incorrectly charged with being a habitual offender, that he was denied the assistance of counsel, and that Defendants imposed an illegal and excessive sentence for his convictions. (*See* Compl., ECF No. 1, PageID.3.) Perez seeks his immediate release and damages. (*See id.*, PageID.4.)

## II

A civil complaint filed by a *pro se* prisoner is subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

III

A

The complaint is subject to summary dismissal for multiple reasons. First, Perez's request to be released from prison is not an available remedy in this Section 1983 action. Where "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, a state inmate may not obtain injunctive relief under Section 1983 as a remedy for "the fact of his conviction or the duration of his sentence." *Id*. Thus, Perez's Section 1983 claim fails as a matter of law to the extent that he seeks an order requiring the State to release him from custody.

B

Second, with respect to Perez's claim for damages, Perez may not seek damages for an allegedly erroneous sentence until such time as the sentence is invalidated. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*,

512 U.S. at 487. Until such time as a court invalidates Perez's sentence on appeal or on habeas review, *Heck* bars his claim for damages.

C

Moreover, and in any event, Perez's claim against Judge Borchard fails because Judge Borchard is entitled to absolute judicial immunity. Judges are entitled to absolute judicial immunity on claims for damages arising from actions taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) (explaining that "generally, a judge is immune from a suit for money damages"). Moreover, the 1996 amendments to Section 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Perez has not alleged that a declaratory decree was violated or that declaratory relief was unavailable. *See also Kipen v. Lawson*, 57 F. App'x. 691 (6th Cir. 2003) (affirming dismissal of claims against federal judge under Section 1915(e) on the basis of absolute judicial immunity).

D

Likewise, Perez's claim against the Assistant Saginaw County Prosecutor fails because she is entitled to prosecutorial immunity. "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). Thus, a prosecutor has absolute immunity for all acts "intimately associated with the judicial

4

phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Perez's claim involves the allegedly erroneous habitual offender charge – a quintessential prosecutorial function that is protected by immunity.

### E

And finally, Perez's claim against the Saginaw Circuit Court fails because the state court is not amenable to suit under § 1983. "A state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute." *See Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) (citations omitted).

### IV

For all of the reasons stated above, the Court concludes that Johnson's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** the Complaint (ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court further certifies that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 3, 2022

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 3, 2022, by electronic means and/or ordinary mail.

                                            s/Holly A. Ryan
                                            Case Manager
                                            (313) 234-5126